## GAYLORD *v.* COPES.

*(Circuit Court, E. D. Louisiana.* November 25, 1881.)

1. PLEADING—PRESCRIPTION—WHEN NOT AVAILABLE AGAINST DEBT.

   The exception of prescription will not avail against a debt in a case where a debt was paid in stolen bonds of a railroad company, and by reason of the theft the payee had been evicted, his title failing, and his bonds rejected

### On Exceptions to Petition.

Plaintiff alleged that on the ninth of August, 1865, defendant, being indebted to plaintiff, gave him in payment thereof five first-mortgage construction bonds of the Vicksburgh, Shreveport & Texas Railroad Company; that in May, 1879, in a certain suit of *Jackson* v. *Vicksburgh, Shreveport & Texas R. Co. and others,* which had been brought on behalf of all the holders of similar bonds issued by said company, it was finally decided by the supreme court of the United States (*Vicksburgh, S. & T. R. Co.* v. *Jackson,* 99 U. S. 513,) that certain of said bonds, those given by the defendant to plaintiff among the number, were not genuine obligations of said railroad company, and had never been issued, but had been carried off by persons belonging to, or taking advantage of, a raid upon the town of Monroe, Louisiana, during the late war, and that neither the persons so taking them, nor their transferees, had acquired any title thereto. Plaintiff thereupon tendered the bonds back to defendant, and demanded the payment of the original amount of the debt for which defendant gave the bonds, which defendant refused. Defendant pleaded the prescription of five and ten years.

*Kennard, Howe & Prentiss,* for plaintiff.

*H. N. Ogden,* for defendant.

PARDEE, C. J. The exception of prescription in this case is submitted on the allegations of the petition. The allegations of the petition show that the bonds in question were given in payment of a debt; that they were stolen; and that by reason thereof the petitioner has been evicted, his title failing, and his bonds being rejected. This eviction is charged as taking place in 1879. On this state of facts, the prescription of five or ten years is not acquired. Rev. Civil Code, 2659. See *Babin* v. *Winchester,* 7 La. 470.

The exception, therefore, should be overruled. On the trial, should such a different state of facts be shown as to justify the exception of prescription, it can be renewed.